

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00050-CR
_____

JIMMY LAWSON THORNTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 65,279-A; Honorable Dan L. Schaap, Presiding

February 11, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pursuant to an open plea of guilty, Appellant, Jimmy Lawson Thornton, was convicted of driving while intoxicated, third or more,[1] and sentenced to ten years

---

[1] TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).

confinement. In presenting this appeal,[2] counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We affirm the judgment and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response to the *Anders* brief. Neither did the State favor us with a brief.

---

[2] Appellant was sentenced on July 25, 2012, but did not appeal his conviction. By writ of habeas corpus, he asserted he was denied the right to an appeal. The Texas Court of Criminal Appeals agreed and granted him an out-of-time appeal. *Ex parte Thornton,* No. AP-76,967, 2013 Tex. Crim. App. LEXIS Unpub. 177 (Tex. Crim. App. Feb. 6, 2013) (orig. proceeding).

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

**BACKGROUND**

On February 22, 2012, Appellant was involved in a motor vehicle accident. In that accident Appellant's vehicle struck another vehicle causing injuries to the driver of the other vehicle and one of her two daughters, who were passengers. At the time, Appellant had lost his driver's license as a result of prior DWI offenses and he was on community supervision for driving while intoxicated. The police determined the cause of the accident to be Appellant's intoxication. The result of his blood/alcohol test was a .15 BAC.

During the trial, testimony established Appellant had three prior convictions for driving while intoxicated dating back to the 1990s. He is retired and helps his wife and mother with everyday chores. He testified it would cause a hardship to his family to be sent to prison. The trial court, expressing sympathy with Appellant's personal and family situation, nevertheless sentenced him to ten years for the new offense.

By the *Anders* brief, counsel diligently reviews the guilt/innocence and punishment phases of trial, sentencing and trial counsel's representation. He then concedes there are no errors to present that would require reversal of Appellant's conviction.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After

reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.